This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.** NO. 33,034

**RONALD SANTIAGO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. "Pat" Murdoch, District Judge**

Gary K. King, Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Joseph Newton Riggs III
Natalie A. Bruce
Albuquerque, NM

for Appellee

**DECISION**

**DANIELS, Justice.**

{1} This is the State's second interlocutory appeal from orders suppressing a bullet shell casing found during the search of a house belonging to Defendant Ronald Santiago. *See State v. Santiago*, 2010-NMSC-018, ¶¶ 4-5, 7, 148 N.M. 144, 231 P.3d 600 (*Santiago I*).

{2} In *Santiago I*, we held that suppression of the evidence from the nighttime execution of a daytime-only warrant was not required where officers had entered Defendant's home during daylight hours to ensure it was unoccupied and then prevented further access pending procurement of the search warrant that resulted in the discovery of the shell casing later that evening. *Id.* ¶ 2. After we reversed the first suppression order, Defendant again moved to suppress the same evidence, arguing before the district court that the afternoon warrantless sweep was an unreasonable search, an issue which we did not reach in *Santiago I*. The district court granted Defendant's motion, and the State appealed, pursuant to NMSA 1978, Section 39-3-3(B) (1972), which provides for an interlocutory appeal by the State from an order suppressing evidence. *See also State v. Smallwood*, 2007-NMSC-005, ¶ 11, 141 N.M. 178, 152 P.3d 821 (holding that this Court has jurisdiction over interlocutory appeals when a defendant faces a possible sentence of life in prison).

{3} Because the evidence the district court suppressed was not discovered as a

result of the pre-warrant sweep, we reverse the suppression order. The claims before us raise no questions of law that New Mexico precedent does not already address sufficiently, and we issue this unpublished decision pursuant to Rule 12-405(B)(1) NMRA.

**I.      BACKGROUND**

{4}      On June 12, 2006, Defendant turned himself in to a United States Secret Service agent for forging checks related to a home loan he processed as a mortgage loan officer.  As a result of information subsequently developed by the Secret Service agent and officers of the Albuquerque Police Department, as detailed in the search warrant affidavit, Defendant became a suspect in the unsolved murders of two of Defendant's former customers, John and Bernadette Ohlemacher, and a decision was made to obtain a warrant to search for, and prevent the feared imminent removal of, evidence that would link Defendant to the murders.

{5}      At 3:14 p.m. on June 14, 2006, two police officers went to Defendant's house to secure the premises while applications for search warrants were being prepared and presented to a judge.  Because the officers were concerned about destruction of evidence and had information that Defendant's wife could have been inside the house, they entered the home to "sweep" it and ensure that it was empty.  The

3

officers spent less than four minutes going through the house, went back outside, and then posted officers to watch the house from the outside while waiting for the warrant. Nothing in the record indicates the police observed or seized the bullet casing or any other evidence during the afternoon sweep.

{6} While at the house, one of the officers relayed a description of its exterior to the officer who was preparing the affidavit for the warrant, which required a description of the place to be searched. The court issued the warrant at 8:49 p.m. The officers then served the warrant and searched the home after 10 p.m.. During the search of Defendant's garage, officers found a shell casing from a Ruger 9mm handgun with markings that matched those found on the casings that were recovered at the Ohlemacher murder scene. Based in part on this evidence, Defendant was charged with two counts of first-degree murder.

{7} Defendant moved to suppress the shell casing evidence in district court, arguing that the afternoon sweep was an unlawful search of his home without a warrant. The district court agreed that the hearing evidence did not support any exigent circumstances exception to the warrant requirement. The district court concluded that the afternoon sweep was constitutionally unreasonable and suppressed all of the evidence eventually seized under the warrant, including the

shell casing.

{8}     On appeal, the State argues that (1) the evidence was not obtained as a result of the afternoon sweep, (2) the afternoon sweep was reasonable, and thus constitutional, and (3) even if the afternoon sweep was unlawful, the subsequent search of Defendant's home that night was authorized under a legal warrant issued on the basis of information obtained independently from the afternoon sweep. Defendant argues that the afternoon sweep was an unreasonable warrantless intrusion, that all evidence seized after the afternoon sweep should be suppressed as the fruit of the poisonous tree, and that the warrant was tainted because it was issued in part as a result of information the police obtained during the afternoon sweep.

## II.     DISCUSSION

{9}     We review a district court's suppression of evidence as a mixed question of law and fact. *See State v. Williams*, 2011-NMSC-026, ¶ 8, 149 N.M. 729, 255 P.3d 307. "We review the factual basis of the court's ruling for substantial evidence, deferring to the district court's view of the evidence." *Id.* "When, as here, there are no findings of fact and conclusions of law, we draw all inferences and indulge all presumptions in favor of the district court's ruling." *Id.* (internal quotation marks and citation omitted). "Our review of the legal conclusions of the district court,

however, is de novo." *Id.*

**{10}** The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons . . . and effects" by prohibiting "unreasonable searches and seizures." U.S. Const. amends. IV & XIV; *see State v. Williamson*, 2009-NMSC-039, ¶ 15, 146 N.M. 488, 212 P.3d 376.

**{11}** Under the Fourth Amendment, evidence seized as a result of unconstitutional police conduct must be suppressed and may not be used at trial. *See State v. Garcia*, 2009-NMSC-046, ¶ 23, 147 N.M. 134, 217 P.3d 1032 (citing Wong Sun v. U.S., 371 U.S. 471, 488 (1963)). Suppression is accomplished through the exclusionary rule and the doctrine of "the fruit of the poisonous tree," which operate together to bar evidence that is obtained not only during illegal police conduct but also as a subsequent result of that conduct. *See id.* at 485, 488.

**{12}** Before we even need to contemplate the constitutionality of the afternoon sweep, we first address whether the suppressed evidence could be considered its fruit. In order to prevail on his fruit of the poisonous tree claim, Defendant must show a causal connection between the alleged police misconduct and the discovery of the evidence he seeks to suppress. *See State v. Ortega*, 77 N.M. 7, 15, 419 P.2d

6

219, 225 (1966) (rejecting an argument that the illegality of the custodial circumstances for two juvenile defendants tainted their subsequent confessions because we concluded that there was "no connection or relationship, one to the other," between those custodies and the confessions). Defendant makes no showing of a causal relationship here. He simply claims that there was a poisonous tree—the afternoon sweep—and a fruit—the shell casing—and argues that the shell casing must be suppressed because the allegedly unlawful afternoon sweep took place before the discovery of the shell casing. He has not demonstrated that the shell casing was observed or seized during the afternoon sweep or that any information obtained during the afternoon sweep was used to support the search warrant affidavit that eventually led to the discovery of the casing.

{13}     Instead, the record indicates the shell casing was not discovered until the nighttime search pursuant to a warrant. The record also indicates that nothing obtained through the afternoon sweep was used to help obtain the warrant. The police merely secured the premises during the afternoon sweep and waited for the warrant before they began their search. To the contrary, the record indicates that the affidavit supporting the warrant was based solely on information from the independent police homicide investigation and the Secret Service forgery

7

investigation.

{14} The only information Defendant complains about in the warrant affidavit is the exterior description of the house to be searched. Obviously, the police could not have obtained a description of a building's exterior by searching its interior, and the record provides no support for such a proposition. The single record reference relied on by Defendant shows only that the officer who conducted the afternoon sweep had also communicated his observations of the building's exterior for inclusion in the affidavit and warrant. Provision of a description of "the place to be searched" is a fundamental requirement of a search warrant under Article II, Section 10 of the New Mexico Constitution and is a requirement of a search warrant and supporting affidavit under Criminal Forms 9-213 and 9-214 NMRA, in order to leave "no doubt and no discretion regarding the premises to be searched." *See State v. Stanley*, 2001-NMSC-037, ¶ 36, 131 N.M. 368, 37 P.3d 85. Such a routine observation of the exterior of a building for inclusion in the affidavit and the warrant does not constitute a prohibited search. As this Court has long recognized, "[i]t is not a search to observe that which occurs openly in a public place and which is fully disclosed to visual observation." *State v. Garcia*, 76 N.M. 171, 175, 413 P.2d 210, 213 (1966) (internal quotation marks and citation omitted).

8

{15} Defendant has not established that the warrant was tainted by the inclusion of any ill-gotten information from the afternoon sweep in the warrant affidavit. There was simply no causal link between the afternoon sweep and the evidence the district court suppressed. Therefore, we conclude that the suppressed evidence was not the fruit of the poisonous tree and that the exclusion rule does not bar its admissibility. Because we conclude that the evidence was not discovered through any exploitation of the afternoon sweep, we hold that the district court should not have suppressed either the bullet casing or any other evidence. In light of our holding, it is not necessary to address whether the afternoon sweep was lawful.

## III.    CONCLUSION

{16} We reverse the district court's suppression order and remand for further proceedings.

{17} **IT IS SO ORDERED.**

_____
**CHARLES W. DANIELS, Justice**

**WE CONCUR:**

9

_____

**PETRA JIMENEZ MAES, Chief Justice**


_____

**PATRICIO M. SERNA, Justice**


_____

**RICHARD C. BOSSON, Justice**


_____

**EDWARD L. CHÁVEZ, Justice**

10